Shaw C. J.
This is an appeal from the judge of probate of this county, allowing the account of Artemas Hale as the administrator of the estate of Nathaniel Washburn, junior. This is the same estate, in reference to which an appeal came before this Court at the last law term in Taunton, from a decree of the judge of probate of this county, making an allowance to Joanna Washburn, widow of the deceased, whereupon the decree was in part reversed, by reducing the allowance from three to one thousand dollars. [Vide ante, p. 374.]
*437 In the account allowed in the court below, was a charge of
Cash paid Carver, Washburn & Co. . . . $76-38
Do. claimed on his own account .... 8-41
Do. paid Asa Packard.......3-23
Sundry articles inventoried, but of which the administrator had no benefit......34-00
8122-02
In reference to these items, the facts proved and found are these. That the sum of $76-38 was a bill paid by the administrator to Carver, Washburn & Co. for groceries and medicines supplied to Mrs. Joanna Washburn, the widow of the deceased, after his death, at various times, from the 27th of November, 1829, to the 17th of November, 1830; that the administrator’s own bill of $8-41 was for wood, butter, and milk, supplied in like manner to the widow in October and December 1830; and that the administrator paid to Asa Packard as charged in the account the sum of $ 3-23, which was for butcher’s meat, in like manner furnished to the widow, after the decease of the intestate, viz. between August and December 1830.
In regard to those articles in the inventory, of which the administrator received no benefit, the facts are these. The articles thus inventoried were wood, $30, and meat, $4, which with the consent and permission of the administrator were used and consumed by the widow in the support and maintenance of her family during the winter which succeeded the death of her husband, which took place on the 18th day of November, 1829. It appears that during the year that followed the death of her husband, the widow had a family, consisting of a female domestic, and a boy who usually went to school, but was employed in doing errands, and part of the time, of a nurse.
The Hon. Wilkes Wood, judge of probate, was offered as a witness, by the administrator and appellee, to prove that he advised the administrator that he might rightfully pay these bills and charge them to the estate of his intestate; but, being objected to, it was ruled, that whether he could rightfully pay these bills under the circumstances, was a pure question of law; that if allowed by law, no advice need be shown ; that if *438 not allowable by law, no advice could justify them ; and therefore that the"evidence was not admissible.
It was contended on the part of the appellee, that it had been usual and customary for an administrator to provide for the support of the intestate’s family, whilst the estate was in the process of settlement, and that the law would sanction this usage and justify these charges.
On the part of the appellant, it was contended that without the positive provisions of law, no allowance could be made to a widow by an administrator, even with the sanction of the probate court ; that the Supreme Court of Probate, with a view of all the circumstances which could properly be taken into consideration, had made an allowance, in precise terms, and that it was not competent to the administrator to make other and further allowances, by the payment of her proper debts out of the assets of the estate or otherwise, and that it is not competent for the judge of probate to sanction such allowances.
Upon these facts, I am clearly of opinion that these payménts were all made by the administrator in his own wrong ; that they were not warranted by the rules of law ; and therefore that the decree allowing them must be reversed.
The law in regard to the settlement and distribution of intestate estates, is extremely plain and clear, and it is of the utmost importance to the community that it should be carried into effect according to its plain meaning and intent.
The duty of the administrator is to pay the debts of the deceased, and funeral expenses, and he is allowed to pay nothing more out of the assets of the estate to widow, heirs or any other person, however nearly connected, or dependent ii| on the estate, without a decree of the court of probate. If there be a widow, the probate Court has the power, by a decree, to authorize the administrator to pay a certain sum to her, which is a charge upon the assets, even prior to the payment of debts, and which therefore the administrator may at once pay and charge in his account. It has been generally understood, that this provision of the statute, which postpones even the claims of creditors to those of the widow, was designed to prevent the inconvenience and difficulty which would naturally arise, where *439 the family of the deceased are kept together, till some arrangement can be made, under the charge of a widow. In this event, it must needs be, that some of the articles of food will be consumed, some of the furniture used, and some of the money expended. Were there no provision in such case, the widow would be in danger of being charged as executor de son tort, and the administrator of being brought into collision with creditors, and held to account for property, which according to the ordinary principles of humanity and the common usages of society, he could not interpose to prevent the widow from using for the support of her family. To avoid this inconvenience, the judge of probate is vested with an ample discretion to make an allowance to the widow, having regard to the family under her charge.[1] Such allowance, it is understood, was intended by this statute provision, to cover all the necessary expenditures and appropriations, to exclude controversy, and to secure the administrator, by giving a credit sufficient to cover them. If this is the right view of the purpose and intent of the law,, it is quite clear, that all the expenditures and appropriations made by the administrator to the widow, are to be deducted from the discretionary allowance made to her, and cannot therefore be charged in addition to such allowance.
Besides, if it were permitted to the administrator to pay for the necessary support of the family of the deceased, without restriction as to amount or limitation of time, it would introduce uncertainty and confusion into the settlement of estates, productive of most mischievous consequences. It appears to me, that there is nothing in the provisions of law upon this subject or the practice under it in this Commonwealth, to warrant the claim founded on a supposed usage.
The assets of an estate constitute a trust fund, first for creditors, then, if there be any residuum, it is to be distributed among widow and heirs, in certain proportions precisely defined. There can of course be no such distribution, or payment to widow or heirs, till after the settlement of an administration account; because until then it cannot appear that there will be any residuum. If expenses for the support of the *440 widow and heirs might be charged in an administration account, they might take part of the very fund destined for the payment of creditors, and thus a preference1 would be given to them contrary to the express provisions of law. Hence it has been held, that charges for the necessary support of the heir of the deceased, cannot be made in an administration account. Brewster v. Brewster, 8 Mass. R. 131.
But there is a shorter view of the subject that leads to the same result. The administrator has a precise particular duty to perform, viz. to settle the estate according to plain known rules. He cannot act as guardian of minor heirs, agent of the widow, or exercise a sort of undefined power, as patron or protector of the family. The law knows of no such authority or office, and it would be to confound distinct powers and duties, which the policy of the law requires to be kept separate, if it were allowed.
If the administrator make any advance to a widow or heirs before a decree of allowance, or- distribution, he must do it at his own risk, and as an advance upon such allowance or distribution as may be afterwards made by the probate court; which his knowledge of the condition of the estate may often enable him to do without any real peril to himself. But such advance, if made, is of course a charge to the party to whom it is made, and not to the estate in the hands of the administrator, and therefore cannot appear in the administration account. As to all these items, therefore, the decree of the court below is reversed, by which they were allowed, and the decree of this Court is, that they be disallowed.
There is one other ground of appeal, which is, that the administrator was required by the appellant, before the probate court, to charge himself with the sum of $ 10 in cash net inventoried.
In regard to this, the facts were, that the widow had in her possession, at the time of her husband’s decease, with the knowledge of the administrator, about §7 in specie ; that a part of this consisted of money which she had herself earned and received before her marriage, and a part of it of pieces of coin which had been given to her by her husband. The administrator believing that she had a right to retain this specie *441 to her own use, did not put it into the inventory, which omission was sanctioned by the decree of the probate court, appealed from. The question is, whether he was bound to inventory this specie.
It being the duty of an administrator to put into the inventory, all the property of the intestate that comes to his knowledge, the question is, Was this his property ? Looking at it as a mere legal question, as the Court are bound to do, there is really no doubt about it. All .the personal property of a wife, and a fortiori the money, is the property of the husband. Whatever may have been the intent of the husband, as he made no will, the property must be distributed according to law. A gift of money by a husband to a wife, is merely void, in legal contemplation, and as wholly inoperative as a gift to himself.
The decree of. this Court therefore, upon this part of the appeal is, that the administrator charge himself in his account with this sum of $ 7, as property not inventoried, and that the proceedings be remitted to the court of probate to be revised, oroceeded in and settled upon the principles herein stated.

 See Revised Stat. c. 65, § 4.